FILED

MAR 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD BLAISDELL,

        Plaintiff - Appellant,

  v.

BENJAMIN GRIEGO, A/W; et al.,

        Defendants - Appellees.

No. 10-16606

D.C. No. 2:08-cv-00779-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

    Richard Blaisdell, a Hawaii state prisoner housed in Arizona, appeals pro se

from the district court's judgment following a jury verdict in his 42 U.S.C. § 1983

action alleging various constitutional violations.  We have jurisdiction under 28

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review for an abuse of discretion the district court's evidentiary rulings.  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).  We affirm.

The district court did not abuse its discretion by excluding trial evidence concerning Blaisdell's other lawsuits and claims against the prison because it limited the scope of the exclusion in the manner recommended by Blaisdell.  *See* Fed. R. Evid. 103(a) (when the court excludes evidence, a party must inform the court of its substance by an offer of proof in order to claim error); *Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000) (failure to object to evidence at trial on the specific basis raised on appeal results in waiver).

The district court did not abuse its discretion by permitting Blaisdell's treating physician to testify at trial because the testimony that Blaisdell objected to either was relevant to Blaisdell's claim or did not "'substantially prejudice[]'" him. *Id.* (citation omitted) (affording broad discretion to a district court's evidentiary rulings).

The district court did not abuse its discretion by awarding costs to defendants because defendants were the prevailing party, *see Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) (stating standard of review and that "there is a presumption that the prevailing party will be awarded its taxable costs"),

10-16606

and the amount of costs awarded was a "relatively small sum[.]" *Save Our Valley*

*v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003).

Blaisdell's remaining contentions, including those concerning the "Luna" complaint and his attempts to obtain or listen to his audio cassette tapes, are unpersuasive.

To the extent that Blaisdell seeks injunctive relief from this court, his request is denied.

**AFFIRMED.**